UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARA LOLLEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | )   Case number 4:11cv0218 RWS |
| | )                        TCM |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of Michael J. Astrue, the Commissioner of Social Security (Commissioner), denying Sara Lolley's (Plaintiff) application for disability insurance benefits under Title II of the Social Security Act (the Act), 42 U.S.C. § 401-433, and social security income under Title XVI of the Act, 42 U.S.C. § § 1381-1383b. Pending is the Commissioner's unopposed motion to remand the case to the Appeals Council for further proceedings pursuant to sentence six of § 405(g). The Commissioner explains in his motion that the recording of the administrative hearing cannot be located, thereby precluding the preparation of the administrative record. (Mot. at 1.) On remand, the Appeals Council will review materials submitted by Plaintiff's

representative and, depending on the completeness of those materials, either prepare a certified administrative record or reconstruct the administrative record.[1] (Id.)

"The 'exclusive methods' for district courts to remand to the Commissioner are in sentences four and six of 42 U.S.C. § 405(g)." **Travis v. Astrue**, 477 F.3d 1037, 1039 (8th Cir. 2007). "Under sentence six,[2] 'the district court does not affirm, modify, or reverse the [Commissioner's] decision; it does not rule in any way as to the correctness of the administrative determination.'" **Id.** at 1039-40 (quoting Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991)) (footnote added). "Sentence-six remands may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." **Shalala v. Schaefer**, 509 U.S. 292, 297 n.2 (1993); accord **Buckner v. Apfel**, 213 F.3d

---

[1]The case was referred to the undersigned United States Magistrate Judge for a review and recommended disposition pursuant to 28 U.S.C. § 636(b).

[2]Sentence six reads:

The [district] court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

1006, 1010 (8th Cir. 2000). The pending motion was filed by the Commissioner before he filed his answer. Clearly, Plaintiff's case must be remanded to the Commissioner and the remand must be pursuant to sentence six. See **Bishop v. Astrue**, 2008 WL 748325 (E.D. Mo. 2008) (sentence six remand based on missing recording of hearing).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Commissioner's motion to remand be **GRANTED** pursuant to sentence six of 42 U.S.C. § 405(g) and the case be remanded for further proceedings as set forth above. [Doc. 9]

The parties are advised that they have **fourteen days** in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of April, 2011.